OPINION *Page 2 
{¶ 1} On October 18, 2004, appellant, Roger Lemley, and appellee, Cathy Lemley, were granted a divorce. Custody of the parties' child was granted to appellee. On September 15, 2005, appellant filed a motion for a change of custody. A hearing was held on May 11, 2006. By journal entry filed May 24, 2006, the trial court denied appellant's motion.
 {¶ 2} Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 I {¶ 3} "THE TRIAL COURT ERRED AS A MATTER OF LAW AND TO THE PREJUDICE OF THE [A]PPELLANT. THAT HE VIOLATED THE [APPELLANTS] RIGHT TO DUE PROCESS OF LAW AS GUARANTEED BY THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND ARTICLE I SECTION 16 OF THE CONSTITUTION F THE STATE OF OHIO.
 {¶ 4} THE TRIAL COURTS PERFORMANCE WAS DEFICIENT IN THAT THE COURT WAS NOT IMPARTIAL. THE TRIAL COURT ERRED AS A MATTER OF LAW AND TO THE PREJUDICE OF THE [A]PPELLANT, WHERE THE TRIAL COURT WAS IN DIRECT VIOLATION OF THE SUPREME COURT OF OHIO / OHIO OF COURT / RULES OF EVIDENCE,
 {¶ 5} TO WIT: EVR 403, EVR 404 AND EVR 410.
 {¶ 6} THE TRIAL COURT AND COUNSEL FOR THE DEFENDANT / APPELLEE, WERE BOTH MADE AWARE OF THE VIOLATIONS OF THE RULES OF EVIDENCE THROUGH MANY OBJECTIONS FROM THE PLAINTIFF / APPELLANT." *Page 3 
 II {¶ 7} "THE TRIAL COURT ERRED AS A MATTER OF LAW AND TO THE PREJUDICE OF THE [A]PPELLANT BY DENYING [APPELLANTS] MOTION FOR CHANGE OF CUSTODY ORDER. THE TRIAL COURTS JUDGMENT WAS BASED ON GENDER AND AGAINST THE MANIFEST WEIGHT OF EVIDENCE IN VIOLATION OF THE [A]PPELLANTS RIGHT TO DUE PROCESS OF LAW AS GUARANTEED BY THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND ARTICLE I SECTION 16 OF THE STATE OF OHIO CONSTITUTION."
 III {¶ 8} "THE TRIAL COURT ERRED AS A MATTER OF LAW AND TO THE PREJUDICE OF THE [A]PPELLANT. THAT HE VIOLATED [APPELLANT'S] RIGHT TO DUE PROCESS OF LAW AS GUARANTEED BY THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND ARTICLE I SECTION 16 OF THE CONSTITUTION OF THE STATE OF OHIO."
 I, II {¶ 9} Appellant claims the trial court erred in denying his motion for change of custody. Specifically, appellant claims the trial court erroneously admitted hearsay evidence, and the decision is against the manifest weight of the evidence.
 {¶ 10} Appellant concedes a transcript of the proceedings was not filed, and we note appellant did not attempt to secure an App.R. 9(C) statement. Appellant argues the trial court's individual findings are wrong and inadmissible. In particular, appellant argues the trial court's finding, "He [appellant] is on probation as a result of a plea of no contest to a reduced charge of disorderly conduct from a domestic violence charge," *Page 4 
violated Evid.R. 403, 404 and 410. Appellant also argues the trial court's finding, "Plaintiff has a past criminal history regarding intimidation in which he served jail time," violated Evid.R. 404. Lastly, appellant argues the trial court's finding that appellee appears to be stable and the conclusion there was no change of circumstance are contrary to the evidence presented.
 {¶ 11} Despite appellant's valiant effort during the oral argument to overcome the lack of a transcript, we find App.R. 9(B) excludes these assigned errors from appellant review:
 {¶ 12} "At the time of filing the notice of appeal the appellant, in writing, shall order from the reporter a complete transcript or a transcript of the parts of the proceedings not already on file as the appellant considers necessary for inclusion in the record and file a copy of the order with the clerk. * * * If the appellant intends to urge on appeal that a finding or conclusion is unsupported by the evidence or is contrary to the weight of the evidence, the appellant shall include in the record a transcript of all evidence relevant to the findings or conclusion."
 {¶ 13} In Knapp v. Edwards Laboratories (1980), 61 Ohio St.2d 197,199, the Supreme Court of Ohio held the following:
 {¶ 14} "The duty to provide a transcript for appellate review falls upon the appellant. This is necessarily so because an appellant bears the burden of showing error by reference to matters in the record. SeeState v. Skaggs (1978), 53 Ohio St.2d 162. This principle is recognized in App.R. 9(B), which provides, in part, that `* * * the appellant shall in writing order from the reporter a complete transcript or a transcript of such parts of the proceedings not already on file as he deems necessary for inclusion in *Page 5 
the record. * * *' When portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm." (Footnote omitted.)
 {¶ 15} Assignments of Error I and II denied.
 III {¶ 16} Appellant claims the trial court erred in failing to address his request to rotate the tax credits every other year. We disagree.
 {¶ 17} Appellant concedes this request was not in the form of a written motion, but one made orally during the hearing. A review of the docket entries confirms the fact that a written motion on the tax credit issue was never filed. Because there is no transcript of the proceedings before the trial court, we cannot find any support to the claim that such an oral motion was made. If the oral motion was in fact made, without a transcript, we are unable to review the nature of the motion, any argument thereon, and the trial court's decision on the issue.
 {¶ 18} Assignment of Error III is denied. *Page 6 
 {¶ 19} The judgment of the Court of Common Pleas of Morrow County, Ohio is hereby affirmed.
Gwin, P.J. and Edwards, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Morrow County, Ohio is hereby affirmed. *Page 1